Scoeield, J.,
delivered the opinion of the court;
This case was referred to the Court of Claims by the Committee on War Claims of the House of Representatives, December 22, 1884, under the act of March 3, 1883, known as the Boivman Act (22 Stat. L., 485).
The claimant is a citizen of Benton County, Mississippi, and resided there during the late civil war. His father died intestate in 1858, leaving a widow and two children. Robert, the *320 present claimant, was born July 5, 1851, and. his brother William in July, 1857. The widow died intestate in the fall of 1863; William died intestate in March, 1876. There has been no administration upon the estates of the claimant’s father, mother, or brother, and he is the only heir. His father left a farm with personal property thereon, upon which the family continued to reside and from which the property was taken in the summer of 1862.
The property taken consisted of quartermaster’s and commissary stores and supplies.
By the provisions of the act of March 3, 1871, a Board of Commissioners of Claims was created, “ authorized to receive, examine, and consider the justice and. validity of such claims as shall be brought before them, of those citizens who remained loyal adherents to the cause of the Government of the United States during the war, for stores or supplies taken or furnished during the rebellion for the use of the Army of the United States in States proclaimed as in insurrection against the United States.”
It is provided by the Act of March 3,1873 . (17 Stat. L., 577):
“ That the Commissioners of Claims shall not receive any petition for the allowance of any claim or. claims unless such petition shall be presented to and filed with them on or’before the 3d day of March, 1873, and all claims not so presented shall be deemed to be barred forever thereafter.”
This claim was not so presented.
Section 3 of the Bowman Act says
“Nor shall the said court have jurisdiction' of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.”
Under these several statutes the court is forbidden to take jurisdiction even to find the facts.
The counsel for the claimant suggests that the case does not fall under the bar of the Act of March 3, 1873 (17 Stat. L., 577), because no administrator had been appointed on the estate of the claimant’s mother, from whom the property was taken, until after the time within which application could be made to the commissioners had expired.
The right or privilege of having their claims considered at all was conferred upon the parties by the same statute that *321 created the commission. No such legal right existed before, and none could exist after, except to the extent and in the manner therein provided. In ordinary statutes of limitation the right exists already, and the law is made, not to create new rights but to restrict, in point of time, the enforcement of pre-existiDg rights. In such laws persons under legal disability to assert their pre-existing rights are usually excepted from the limitation. No such exception is made in this act, and, for the reason above stated, none can be inferred by the court.
It is not unlike the limitation in the Abandoned or Captured Property Act (12 Stat. L., 820). That act also conferred a right or privilege that did not exist before, and also limited the time within which it might be claimed. Like this act it made no exceptions for disabilities of any kind.
The construction of the limitation in that act, as applicable to parties laboring under disabilities, came before this court in the case of Haycraft (8 C. Cls. R., 488), The claim was for captured cotton, and the suit was brought after the time prescribed had expired. The claimaut had been under legal disability during this time and brought suit after the disability was removed. The court dismissed the petition, saying:
“ The institution of a suit under the Abandoned or Captured Property Act within two years after the suppression of the rebellion is indispensable to the jurisdiction of this court in any case. The law does not authorize any relaxation of that requirement for any reason whatever. The legislature has not yet made any provision authorizing parties to sue here after the expiration of that time, and we have no authority, on any ground whatever, to entertain any suit of this kiud brought out of the time prescribed by the existing law.”
The case was carried to the Supreme Court and affirmed. (22 Wall., 81; 10 C. Cls. R., 95.) In delivering the opinion of the court the Chief Justice said :
“ The case has been argued to some extent as though it involved the consideration of a statute of limitation. To our minds the question is one of jurisdiction. A sovereign cannot be sued in his own courts except with his consent. This is an action against the United States in its own Court of Claims. The appellant must therefore show that consent has been given to its prosecution. That being done, the jurisdiction of the court is established, and he may proceed; otherwise not.
“It is conceded that the required consent is not contained in the Abandoned or Captured Property Act itself, for the only *322 action there consented to is one to be commenced within two years after the suppression of the rebellion.”
The case will be dismissed, and the clerk will transmit a copy of this opinion to the Committee on War Claims of the House of Representatives.